■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RICHLIA, Appellant.— Appeal by defendant from judgment of the Supreme Court, Kings County, rendered February 1, 1971, convicting him of grand larceny in the second degree, criminal possession of stolen property in the first degree, unauthorized use of a vehicle and criminal possession of a forged

instrument in the second degree, after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reversing the conviction of and sentence for grand larceny in the second degree and dismissing the count therefor. As so modified, judgment affirmed. Defendant waived his right to trial by jury. At the ensuing nonjury trial it was stipulated that on October 26, 1969 defendant, in possession of and operating a 1969 Cadillac automobile, was stopped by a police officer and tendered to the latter a forged New York State registration bearing the name Frank Giordano; and that the vehicle had been stolen on or about May 5, 1969. Detective Quilty, the arresting officer, testified that when defendant tendered the registration to him, he asked defendant who Giordano was and that defendant told him that Giordano was a man he had known for about six months, that he had borrowed the car from Giordano about 10 days earlier and that Giordano had assured him there was nothing wrong with the car. Defendant did not testify at the trial, but his half-brother, John Russell, explained how the car had come into defendant's possession. Russell said he had known Giordano about six months before October, 1969. In May or June, 1969, Giordano asked Russell for a loan of $500, offering his 1969 Cadillac and its registration as security for the loan. The money was repaid and the car and registration returned to Giordano. Russell further testified that on October 22, 1969 Giordano again asked Russell to lend him $500, on the same conditions as before. Russell again agreed because Giordano had repaid the money in full on the previous occasion and because of the collateral. On October 26, 1969 defendant visited Russell at the latter's home. Russell offered defendant the use of the 1969 Cadillac on condition that he bring it back in a day or two so that it could be returned to Giordano on October 29. Russell gave defendant the registration. Defendant was stopped by the police that evening while driving the automobile and subsequently arrested. He conceded that the vehicle was stolen and that the registration was forged. The Trial Judge did not believe the explanation offered by Russell and found defendant guilty of grand larceny in the second degree, criminal possession of stolen property in the first degree, unauthorized use of a vehicle and criminal possession of a forged instrument in the second degree. Subdivision 2 of section 165.60 of the Penal Law states that " a person may not be convicted of both larceny and criminal possession of stolen property with respect to the same property". In our opinion there was sufficient evidence in the record to convict defendant of either grand larceny in the second degree or criminal possession of stolen property in the first degree, because the Trial Judge could find that defendant's possession of the stolen automobile was recent and his explanation for its possession unsatisfactory. However, inasmuch as subdivision 2 of section 165.60 of the Penal Law prohibits the conviction of a defendant of both larceny and criminal possession of stolen property with respect to the same property, the judgment should be modified by reversing the conviction and sentence for grand larceny in the second degree and dismissing the count therefor and the judgment should be affirmed as so modified. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.